## JOHN F. EATON vs. PATRICK KEGAN.

A recovery can be had for the price of articles sold by weights or measures not sealed as required by St. 1870, c. 218, if the sealer of weights and measures has not been refused permission to test them, and if they have not been by him condemned.

By the Gen. Sts. c. 49, § 63, sales of oats and meal must be by the bushel, and an action cannot be maintained for their price if sold by the bag.

CONTRACT for goods sold and delivered. The defendant filed an account in set-off.

At the trial in the Superior Court, before *Brigham*, C. J., with-out a jury, an auditor's report was put in evidence, the material portion of which was as follows : " I find that the plaintiff has sold and delivered goods to the defendant as set forth in his bill of particulars, to the amount of $264.35, and that all of these sales were made after May 26, 1871 ; and that the defendant has furnished for the plaintiff goods, materials and labor as set forth in his account in set-off, to the amount of $182.50, and that the defendant owes the plaintiff the balance of said sums, amounting to $82.85, unless the court shall be of the opinion that the plain-tiff is not entitled to recover for the following amounts by reason of the facts here stated. Of the plaintiff's account, $19.50 was for oats, and $20.05 for meal sold, all of which are charged in said account by the bag, and there was no evidence that they were sold in any other way than as charged, nor that the same were weighed or measured, nor of the quantity contained in each bag other than that they were of the value charged. Also that $136.13 were for items sold by weight or measure, and that the same were weighed and measured by the plaintiff's weights and measures, at his store in the town of Newton. The sealer of weights and measures for said town on May 22, 1871, examined and tested the plaintiff's weights and measures at his said store, and found them correct and stamped upon each of them the letter N, which was the only stamp used by him in sealing weights and measures that were found of the correct standard. There was no record of any vote or action of the selectmen of said Newton prescribing the same or any other abbreviation of the name of

said town for the seal of the town for sealing weights and meas-
ures. Said sealer kept no record of his doings, and made no
record of the sealing of the plaintiff's weights and measures, ex-
cepting a memorandum which he entered in a private memoran-
dum-book kept for his own use, in which he made the following
entry concerning the plaintiff's weights and measures, under
the date of July: 'Measures and weights for Eaton on River
Street.'"

The judge ruled that the plaintiff could not recover the price
of the meal and oats, but could recover for the other items, and
found for the plaintiff and assessed damages in the sum of $45.78.
Both parties alleged exceptions.

*J. Rutter*, for the plaintiff.

*T. E. & F. H. Graves*, for the defendant.

ENDICOTT, J. This case comes before us on exceptions by
both plaintiff and defendant. The presiding judge ruled that
the plaintiff could recover for goods sold by the weights and
measures used by him, to which ruling the defendant excepts on
the ground that the weights and measures were not sealed accord-
ing to law. He also ruled that the plaintiff could not legally sell
oats and meal by the bag, to which ruling the plaintiff excepts.
We think both rulings correct.

1. By St. 1870, *c.* 218, no sale by weights and measures is ille-
gal, except when a person uses weights and measures after the
sealer has demanded to test them and been refused, or when,
having been tested, they are found by him to be incorrect, and
stamped " condemned." In either case, the party using is liable
to the penalty for using false weights and measures. No other
penalty is provided by the statute. Without considering the
question, how far the plaintiff had complied with the statute, as
the weights and measures used by him did not come within either
of the above provisions, the sales were not illegal. *Ritchie* v.
*Boynton, ante,* 431.

2. By Gen. Sts. *c.* 49, § 63, in all contracts for the sale and
delivery of oats and meal, " the same shall be bargained for and
sold by the bushel." Section 64 provides that a bushel of oats
shall be thirty-two pounds, and a bushel of meal fifty pounds.

The statute does not in terms prohibit other sales, or attach a penalty to the violation of this provision. But it does in terms direct and prescribe in what mode the contract for the sale and delivery of oats and meal shall be made : that they shall be bargained for and sold by the bushel. Not following this direction is equivalent to disobeying a prohibition. *Miller* v. *Post*, 1 Allen, 434. This form of contract is enacted for the benefit of the buyer, and is the legal mode of selling such commodities. The case finds that the plaintiff did not follow the direction of the statute in his sales. Having bought meal and oats himself by the bag, without opening or weighing he sold them to the defendant. The mode of sale being prescribed, it was illegal to disregard it, and he cannot recover for the articles so sold. Both the plaintiff's and the defendant's        *Exceptions overruled.*