DANIEL E. PAGE *vs.* FREDERICK W. COLE.

Suffolk.  Nov. 11, 1875. — March 2, 1876.  COLT, ENDICOTT & LORD, JJ., absent.

The defendant by a written instrument conveyed to the plaintiff for a certain sum "a certain milk route, situated in the southerly part of Boston, with all the rights, privileges thereto belonging," "also the right and good will of supplying twenty-six full eight-quart cans of custom situated as above;" and guaranteed to the plaintiff "full and peaceable possession of the above named property and custom, free from all incumbrance and interference by me or any person or persons connected with me in any way whatever." In an action upon the agreement, the plaintiff offered in evidence the testimony of experts that milk trade is bought and sold by the can; that the right and good will of supplying customers has a

known and recognized value in the market and is worth $80 per can; that there was a uniform usage in the trade for the person selling the right and good will of supplying custom to furnish to the purchaser customers whose average daily purchases amount to the number of cans sold; that in the milk trade the terms "right and good will of supplying custom" mean, when applied to sales of the trade, the *right of supplying milk to the customers furnished and pointed out by the vendor* from those accustomed to buy milk of him. This evidence was excluded. The plaintiff then offered evidence, which was also excluded, that he had bought of the defendant twenty-six cans of milk trade and paid him for the same, and that the defendant had delivered but nineteen cans of trade. *Held*, that the exclusion of the evidence offered was erroneous.

CONTRACT for breach of the following agreement dated Boston, October 1, 1871, and signed by the defendant:

" This agreement witnesseth that I, F. W. Cole, for and in consideration of the sum of twenty-five hundred dollars, to me paid by D. E. Page, Jr., the receipt whereof is hereby acknowledged, do bargain, sell and convey to said Page a certain milk route, situated in the southerly part of Boston, with all the rights, privileges thereunto belonging, together with the following property: one bay horse, harness, wagon, pung, ice chest, cooler, small cans, and one hundred and twenty-six large cans; also the right and good will of supplying twenty-six full eight-quart cans of custom situated as above. And I, the said F. W. Cole, do guarantee to said Page full and peaceable possession of the above named property and custom, free from all incumbrance and interference by me or any person or persons connected with me, in any way whatever."

The declaration alleged that there were not customers who daily bought milk on said route to the amount of twenty-six cans of eight quarts each, but all of said customers only bought nineteen cans of the aforesaid capacity, and that there had been a breach of the warranty. At the trial in the Superior Court, without a jury, *Bacon*, J., ruled, at the request of the defendant, that the bill of sale contained no warranty, either express or implied, that there were twenty-six cans of trade sold by the defendant to the plaintiff; and the plaintiff excepted.

As bearing upon the construction of the bill of sale, and also in support of his declaration, the plaintiff offered to prove, by the testimony of competent experts, that milk trade is bought and sold by the can; that the right and good will of supplying

customers has a known and recognized value in the market; that it is worth eighty dollars per can; that it is the uniform custom and usage in the milk trade for the person selling the right and good will of supplying custom to furnish to the purchaser, from persons in the habit of buying milk of him, customers whose average daily purchases amount to the number of cans sold, that in the milk trade, the terms "right and good will of supplying custom," among those conversant with the trade, have a peculiar signification; and that they mean, when applied to the sales of the trade, the right of supplying milk to the customers furnished and pointed out by the vendor from those accustomed to buy milk of him.

The judge ruled that this testimony of experts was incompetent, and rejected it; and the plaintiff excepted.

The plaintiff also offered to prove, by the testimony of witnesses, that the defendant had trade to the extent of twenty-six cans, but had only delivered and pointed out to the plaintiff customers who bought nineteen cans per day; that all the milk trade turned over by the defendant to the plaintiff was but nineteen cans per day; that the defendant had said that he had failed to turn over to the plaintiff the amount of trade agreed to, and that was called for by the bill of sale, by six cans per day, and had frequently promised to make up the deficiency; that the plaintiff had bought of the defendant twenty-six cans of milk trade, and paid him for the same, and that the defendant had delivered but nineteen cans of trade.

The judge ruled that this was inadmissible, and rejected the evidence; and the plaintiff excepted.

The judge, being of the opinion that the bill of sale contained no warranty or agreement to deliver to the plaintiff the amount of trade claimed, and that the plaintiff, as a matter of law, could not maintain his action, found for the defendant. The plaintiff alleged exceptions.

*D. C. Linscott*, for the plaintiff.

*M. F. Dickinson, Jr.*, for the defendant.

AMES, J. The evidence offered as to the uniform custom and usage of the milk trade was admissible, and the defendant's contract is hardly intelligible without it. The sale of "a certain milk route, situated in the southerly part of Boston, with all the

rights, privileges thereunto belonging," is the sale of the good will of the business which the vendor had been in the habit of doing in that locality. To make the sale of this good will available to the vendee, he must know who the customers are whom he is to supply, and where they live; and for this knowl· edge he must necessarily rely, mainly if not entirely, upon information to be furnished by the vendor. The usage which the plaintiff offered to prove was reasonable in itself; it was not in conflict with any of the rules or principles of law; it was not offered for the purpose of contradicting the terms of the written contract, or applying to it any system of interpretation different from the standing rules applicable to written contracts generally. It was merely as to the mode of doing business in that particular trade, and to show that certain terms, hardly intelligible in themselves, have a recognized and well known meaning in that special trade. The evidence offered by the plaintiff was competent to show that in stipulating to convey " the right and good will of supplying twenty-six full eight-quart cans of custom situated as above," the defendant undertook to sell, and the plaintiff supposed he was buying, the good will of a business in which the customers at the time of the sale, " situated as aforesaid," (that is to say, included in the milk route in question,) were in the habit of taking milk to the extent of twenty-six cans of eight quarts each. If he succeeded in proving the alleged usage, he might well claim that the defendant had not delivered and pointed out what he had undertaken to sell and had been paid for.

We find nothing in the alleged usage to make its exclusion proper within the rule laid down in Dickinson v. Gay, 7 Allen, 29, or in the cases there cited and relied upon.

                                        *Exceptions sustained.*