FRANK T. MOONEY *vs.* HOWARD INSURANCE COMPANY.

Essex.   Nov. 5, 1884. — Jan. 14, 1885.   FIELD & C. ALLEN, JJ., absent.

In an action upon a policy of insurance against loss by fire on a junk-dealer's
stock of "rags" and "old metals," evidence is admissible to show that, by a
usage of the trade, the terms quoted have acquired a broader signification than
belongs to those words as commonly used.

Knowledge by an insurer of a usage in a certain trade, extending the meaning of
terms used in a policy of insurance upon articles designated by those terms,
may be inferred from the universality and long existence of the usage.

CONTRACT upon a policy of insurance against loss by fire.
At the trial in the Superior Court, before *Blodgett,* J., the jury
returned a verdict for the plaintiff; and the defendant alleged
exceptions, which appear in the opinion.

*C. P. Thompson & G. B. Ives,* for the defendant.

*J. M. Raymond & S. C. Bancroft,* for the plaintiff.

MORTON, C. J.   The defendant insured the plaintiff " on his
stock of rags, old metals, bones, and barrels " contained in his
storehouse.   The plaintiff is a junk-dealer, " his stock " con-
sisting of old articles and materials, paper stock, pieces and
fragments of all kinds, and it could not be particularly described
in a policy or other contract without great prolixity.   We think
it was competent for the plaintiff to prove that, by a usage of
the trade, the terms, "rags" and " old metals " had acquired a
broader signification than belongs to these words as commonly
used.*   It was an application of the rule that, where words have
two meanings, one common and the other peculiar and technical,
it is competent to show that they were used in the latter sense.
1 Greenl. Ev. § 295.   *Macy* v. *Whaling Ins. Co.* 9 Met. 354.
*Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416, and cases cited.

The usage upon which the plaintiff relied was not a particular
or a local usage, but was a general usage of the trade.   The de-
fendant asked the court to rule " that a usage or custom of a
particular trade, in order to bind the defendant, must be proved

* The plaintiff was permitted to prove a custom in the junk trade to
include under the term "rags" all articles used in the manufacture of
paper, and under the term "old metals" various articles, such as old rubber
and old glass.

by substantive evidence to have been known to it or its agent, and that it was not enough that the jury should presume such knowledge, if they found such a usage to have been of long continuance." The court refused this ruling; and instructed the jury, "that the plaintiff must prove that the alleged usage was known to the defendant, and that they would be warranted in finding that it was known to the defendant, if they found, upon all the evidence, that there was such a usage or custom, and that it was well defined, universal, uniform, and of long continuance." We understand this to mean, that the jury might infer the knowledge of the defendant from the universality and long existence of the usage. A usage such as the instructions required having been proved, the defendant's contract is deemed to have been entered into with reference to such usage, if known to it.

Underwriters insuring by certain words may fairly be presumed to know the mercantile meaning of those words; and the fact of a wide-spread and established use has at least a tendency to show that they had such knowledge. *Howard* v. *Great Western Ins. Co.* 109 Mass. 384. *Croucher* v. *Wilder*, 98 Mass. 322. *Astor* v. *Union Ins. Co.* 7 Cow. 202.

We are of opinion that the instructions given at the trial were sufficiently favorable to the defendant.

*Exceptions overruled.*