### JAMES TALCOTT *vs.* ALBERT E. SMITH.

Worcester.   October 6. — 22, 1886.   DEVENS & W. ALLEN, JJ., absent

A., a manufacturer, had two mills, one of which was run under his own name, and the other under the name of B. He consigned goods to C., a commission merchant, under an agreement that C. should make advances, should sell the goods, and, after deducting his advances, with interest, and his expenses, charges, and commissions, should credit A. with the net proceeds. A. kept the accounts of each mill separate; and he consigned and invoiced the goods to C., who had no knowledge that A. was the sole owner, in the name under which each mill was run. C. brought an action against A., to recover the balance of an account current with the mill run under the name of A., to which the answer was a general denial, and payment. *Held*, that, under the pleadings, A. could not show that

there was a balance due him upon the account in the name of B., which should be allowed in this action, or that there were in C.'s hands goods from the mill run in the name of A., which were not included in the account sued on. *Held, also,* that the expense of printing a part of the goods was properly charged to A., it being shown that this was done under the usage of commission merchants in like cases.

MORTON, C. J. The plaintiff is a commission merchant in New York. The defendant is a manufacturer in this State. He had three mills, one of which was run under his own name, one under the name of F. C. Smith and Company, and one under the name of Chappel Mills.

He consigned goods to the plaintiff under an agreement that the plaintiff should make advances, should sell the goods, and, after deducting his advances, with interest, and his expenses, charges, and commissions, should credit the defendant with the net proceeds. The defendant kept the accounts of each mill separate; he consigned and invoiced the goods to the plaintiff, who had no knowledge that he was the sole owner, in the name under which each mill was run; and the plaintiff kept separate accounts of the consignments from each mill, in the name in which the consignments were made.

This is an action to recover the balance of an account current with the mill run under the name of the defendant. The answer is a general denial, and payment.

At the trial, the defendant offered to prove that a balance was due him upon the account in the name of F. C. Smith and Company, which should be allowed and credited him in this suit. The court ruled that the evidence was not admissible under the pleadings.

It is true that, if the parties had kept but one account between them, it would be competent for the defendant, under his answer of payment, to show that the plaintiff had received money from the sale of goods consigned to him with which he had not credited the defendant in the account in suit. The reason of this is, that, in such case, under his contract, it would be the duty of the plaintiff to apply money, as received, to the credit of the defendant. As he receives the money, the law applies it to the payment of his advances, and a plea of payment is a proper plea.

But, in the case at bar, the defendant saw fit to make separate consignments, and to have separate accounts kept, for each mill.

The arrangement was, in substance, to keep separate the dealings with each mill. This imports that the balances of the three accounts were independent debts. There was no agreement that the proceeds of goods received from one mill should or could be applied in payment of advances made for either of the other mills; on the contrary, the implied agreement is, that the proceeds of the goods of each mill shall be applied only to pay the advances made on its account. Therefore, when the plaintiff received the proceeds of goods consigned in the name of F. C. Smith and Company, the law did not apply them in payment of advances made on account of the goods consigned in the name of Albert E. Smith. The accounts were separate, and the debts resulting from them were independent. Any balance due the defendant on the F. C. Smith and Company account could be availed of by him by way of set-off, but the Superior Court rightly ruled that it could not be shown as payment. The fact that the defendant is in insolvency is not material to the question discussed.

It is still more clear that the court rightly ruled, that, under the pleadings, the defendant could not show that there were in the plaintiff's hands goods from the mill run in the name of the defendant which were not included in the account sued on. Such goods, if not sold, remained the property of the defendant, or his assignee, subject to any lien the plaintiff might have; they cannot in any sense be treated as payment of the advances made by the plaintiff.

The third exception is hardly insisted on. The expense of printing a part of the goods was properly charged to the defendant, it being shown that this was done under the usage of commission merchants in like cases, which usage must be presumed to have entered into and made part of the contract between the parties.                                   *Exceptions · overruled.*

*B. W. Potter & F. W. Blackmer*, for the defendant.
*H. L. Parker*, for the plaintiff.