## SAMUEL L. HUTCHINS *vs.* NATHANIEL WEBSTER.

Essex.   November 7, 1895. — March 2, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Construction of Contract — Finding — Usage of Trade — Evidence.*

If, by the terms of an agreement in writing, A. is to build an ice-house of certain
dimensions, and B. is to have all the ice in the house at a certain rate per ton,
a ton to consist of a certain measurement, and A. builds a house, the outside
dimensions of which are larger than, but the inside dimensions correspond with,
those stated in the contract, a finding of the judge, in an action to recover the
price of the ice, that B. accepted and used the house as built under the con-
tract, disposes of an exception to a refusal to rule that the dimensions stated in
the contract were outside dimensions, and that A., not having built the house
according to the contract, could not recover.

A. and B. executed an agreement in writing, by which A. was to build an ice-
house of certain dimensions, and B. was to have all the ice in the house at
a certain rate per ton, " a ton to be forty-five cubic feet of ice." After the
house was filled, the ice was measured by A. and B.'s agent, without deducting
for air spaces between the cakes of ice, the amount of cubic feet so obtained
was divided by forty-five, and the number of tons was thus ascertained. There
was a custom in the ice trade, well known to A. and B. when they made their
contract, in buying and selling ice, to measure ice in the way above stated.
*Held,* in an action for the price of the ice, tried without a jury, that the judge
was warranted in adopting the measurement so made.

A usage of trade, known to the parties to a contract when they made it, is admis-
sible in evidence in an action thereon, and a finding that they entered into the
contract in contemplation of the usage will be warranted.

CONTRACT, to recover a balance of the purchase price of a
quantity of ice sold by the plaintiff to the defendant under an
agreement in writing.   Trial in the Superior Court, without a
jury, before *Fessenden,* J., who found for the plaintiff; and the
defendant alleged exceptions.   The facts appear in the opinion.

*W. A. Pew, Jr.,* for the defendant.

*J. M. Raymond & E. C. Battis,* for the plaintiff.

LATHROP, J.   The plaintiff, who was the lessee of a pond in
New Hampshire, agreed in writing with the defendant to build
an ice-house on one side of the pond, " one hundred and fifty
feet long, thirty-six feet wide, and twenty feet stud."   The
defendant was to put the ice into the house, and the plaintiff
was to pay the expense thereof.   The defendant was to have

all the ice in the house, " and to pay for the same two dollars per ton, a ton to be forty-five cubic feet of ice."

The plaintiff put up a house one hundred and fifty-two feet long and thirty-eight feet wide on the outside; but the inside dimensions of it corresponded with those stated in the contract. The defendant was not present while the house was being constructed and filled, but some one in his employ was there from the beginning of the work until the end. The defendant did not know the size of the house until after it was completed and filled. No objection appears to have been made by him to the size of the house until long after he had taken away all of the ice stored there.

The first exception taken is to the refusal of the judge, who heard the case without a jury, to rule, as matter of law, that the measurements stated in the contract were outside measurements, and that the plaintiff, not having built the house according to the contract, could not recover. The judge found that the defendant accepted and used the house as built under the contract; and this, in our opinion, disposes of this exception.

The next exception relates to the quantity of ice in the house for which the defendant should pay. After the ice-house was filled, the quantity of ice was measured by the plaintiff and the defendant's agent, without deducting for air spaces between the cakes of ice, the amount of cubic feet so obtained was divided by forty-five, and the number of tons was thus ascertained. The defendant contended, and asked the judge to rule, that the spaces between the blocks should be excluded in estimating the number of cubic feet. The judge adopted the measurement made by the plaintiff and the defendant's agent; and we are of opinion that he was warranted in so doing.

The report of an auditor was in evidence at the hearing before the judge, from which it appeared that the ice was packed in the house under the direction of the defendant's agent, in the usual and proper manner; that the result of the measurement was at once made known to the defendant; that he made no objection until long afterwards, nor until he had removed the ice from the house. The auditor also found that ice varies considerably in density, but contains not over forty cubic feet to the ton; that there is a custom in the ice trade, well known to

the plaintiff and the defendant when they made their contract, in buying and selling ice, to measure ice in the mass in the way followed in this case, and to reckon a certain number of cubic feet, frequently forty-five, as a ton.

There is no contention that the ice should have been weighed and not measured, and the contract apparently contemplates measurement, but does not state how it is to be measured. We have no doubt that a usage in the ice trade known to the plaintiff and the defendant was admissible in evidence, and that it could properly be found that the parties entered into their contract in contemplation of this usage. *Jones* v. *Hoey*, 128 Mass. 585, and cases cited. *Rogers* v. *Holden*, 142 Mass. 196. *Talcott* v. *Smith*, 142 Mass. 542. *Pickering* v. *Weld*, 159 Mass. 522.

*Exceptions overruled.*