ALEXIS MENAGE *vs.* MAX ROSENTHAL.

Suffolk.    December 7, 8, 1899. — March 1, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Contract of Employment — Custom — Evidence.*

Where a written contract is plain, evidence of a custom which contradicts it is inadmissible, as is also evidence of the conduct of a party offered to aid in its construction.

In an action to recover salary from a certain date under a written contract, by which the defendant agreed to pay the plaintiff a certain sum weekly for his services as a travelling salesman, evidence from which it appears that the plaintiff had not, prior to such date, demanded more than one half of that sum during the preceding six months, is inadmissible on the ground that his refusal to continue travelling unless he was paid the weekly sum named in the contract was unreasonable.

If, in an action on a contract to recover compensation for services as a salesman, the defendant, on cross-examination, asks the plaintiff whether he has made the claim that the goods which he was trying to sell for the defendant were defective, and the plaintiff answers that he has made that claim in a certain conversation, and the plaintiff, on re-direct examination, asks the defendant whether the goods were defective or not, with a view of explaining his small sales, and the defendant testifies that they were defective, the plaintiff's answer to the

defendant's question on cross-examination does not entitle the latter to put in the rest of the conversation, which is in itself inadmissible, and the plaintiff's question on re-direct examination does not make it competent or enlarge the defendant's right to introduce the conversation in evidence.

CONTRACT, to recover compensation alleged to be due under a written contract between the parties. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*E. N. Hill*, for the plaintiff.

*W. A. Buie*, for the defendant.

LORING, J. This is an action brought by the plaintiff to recover from the defendant compensation for his services as a travelling salesman, at the rate of $100 a week, from the fourteenth day of October, 1896, until the first day of January, 1897, claimed to be due under a written contract by which the defendant employed the plaintiff as a travelling salesman in his business, and in which it was provided that the " service so to be rendered are [is] to be rendered by the party of the second part throughout the New England States of the United States."

One of the defences set up was that the plaintiff refused to go to New York, in compliance with the following request made by the defendant in a letter to the plaintiff dated October 19, 1896 : " What we want you to do is to come to New York at once, as there is Eastern trade in town every day, and you could do better by staying here and waiting on them." On the next day the plaintiff, who was then in Providence, wrote in answer : " My contract with you provides that I shall render service in the New England States, and I am here waiting for you to fulfil your part of the contract, by sending me money for travelling expenses, so that I can continue to canvass for orders for your goods in the N. E. States. As I have notified you several times recently, I stand ready to carry out the terms of the contract and expect you to carry out your part of it, in all respects." By the terms of the written contract between the plaintiff and the defendant, the defendant was to pay the plaintiff's travelling expenses in addition to the sum of $100 a week. At the trial, the plaintiff introduced in evidence the record of a former suit brought by the plaintiff

against the defendant to recover $100 a week from the beginning of the contract to October 14, 1896; from that record it appeared that a verdict was rendered for the plaintiff for the full amount of his claim, and that the jury, in answer to a question framed by the court, found that there was no agreement that the sum of $50 a week was to be paid in place of $100.

1. The plaintiff's exception to the evidence of custom introduced by the defendant must be sustained.

The defendant was allowed to introduce evidence of a custom in the business in which the plaintiff was employed by the defendant, namely, selling cloaks, for salesmen to take a trip at the end of January " and then come back and wait on the trade in New York," and then take a trip in the latter part of July and another in the latter part of September, and to be in New York " whenever trade is in town."

The contract in the case at bar provides, in terms which admit of no mistake, that the services to be rendered by the plaintiff are to be rendered in the New England States. The contract was not to employ the plaintiff as travelling salesman for the New England trade; it was to employ the plaintiff " as a travelling salesman," and to " render such service as a travelling salesman as the party of the first part may require, which service so to be rendered are [is] to be rendered by the party of the second part throughout the New England States of the United States." These provisions are in no way modified (as the defendant contends) by the general provisions of the second article, by which the plaintiff agreed to " give his entire and undivided attention to the sale of the goods manufactured by the party of the first part and to the business of the party of the first part." The purpose of that clause is to give the defendant the right to have all the plaintiff's time devoted to his business; it does not modify the explicit provisions of the first clause specifying where the plaintiff's services during that time are to be rendered.

This is not a case where the contract contains any word or words which have acquired in the trade of selling cloaks a trade meaning different from their ordinary meaning, as in *Mooney* v. *Howard Ins. Co.* 138 Mass. 375, cited by the defendant. Neither is this a case where the custom added an incident to

the contract which is thereby tacitly contained therein. But this is a case where the effect of the custom is to directly contradict the provisions of the contract; the custom required the plaintiff to render a part of the services in New York which the contract provided should be rendered in the New England States; to allow such a custom to be put in evidence is not to interpret the contract which the parties have made, but to impose upon them a new contract which they have not made; it well may be that this contract was made to get rid of any question as to this custom, which the defendant and his daughter testified existed and which the plaintiff testified did not exist. A custom is admissible to explain a doubtful contract, but never to contradict a contract which is plain. *Dickinson* v. *Gay*, 7 Allen, 29, 34. *Brown* v. *Foster*, 113 Mass. 136. *Hedden* v. *Roberts*, 134 Mass. 38. *Benson* v. *Gray*, 154 Mass. 391, 394. *Partridge* v. *Phœnix Ins. Co.* 15 Wall. 573. *The Reeside*, 2 Sumn. 567. *Blackett* v. *Royal Exchange Assurance Co.* 2 Cr. & J. 244. *Phillips* v. *Briard*, 1 H. & N. 21. *Abbott* v. *Bates*, 45 L. J. C. P. 117.

2. The evidence of the plaintiff's conduct prior to October 14, 1896, which was admitted as showing that the true construction of the contract required the plaintiff to be in New York "whenever trade was in town," stands on the same footing; the conduct of parties is admissible to explain what is doubtful, never to contradict what is plain. In *Allen* v. *Kingsbury*, 16 Pick. 235, 239, *Clark* v. *Burt*, 4 Cush. 396, 399, and *Jenks* v. *Morgan*, 6 Gray, 448, 449, such evidence was held not to be admissible because the contract was plain. When the contract is plain it also has been held that the party's direct admission as to the proper interpretation of it is not admissible; *Paine* v. *M'Intier*, 1 Mass. 69; *Brockett* v. *Bartholomew*, 6 Met. 396; and in cases where the conduct of the parties under a contract has been admitted as evidence of the true interpretation of it, it has been admitted on the ground that the interpretation of the contract in question was doubtful. *Winchester* v. *Glazier*, 152 Mass. 316. *Reynolds* v. *Boston Rubber Co.* 160 Mass. 240, 245. *Crafts* v. *Hibbard*, 4 Met. 438. If the plaintiff in fact went to New York and waited on the trade when it was there, he did so voluntarily and not because this contract required him so

to do, evidence of such voluntary acts is not admissible to add to, vary, or contradict his rights under the contract.

3. The plaintiff's exception to the introduction of the letters of June 7, June 14, and July 6 must be sustained.

By the previous suit between the plaintiff and the defendant, it was finally established that there was no arrangement made whereby the $100 a week was reduced to $50 a week. The defendant seeks to support the introduction of these letters, on the ground that, inasmuch as it appeared from these letters and other testimony that the plaintiff had not, prior to October 15, demanded more than $50 a week since the previous April, "his refusal to continue travelling unless he was paid $100 a week was unreasonable." However unreasonable it may have been (if it was unreasonable) for the plaintiff to insist that the defendant should pay him at the rate of $100 a week, as he had agreed to do, it was his legal right to insist thereon as a condition precedent to his continuing to perform his part of the agreement, even if theretofore he had only asked for $50 a week. The admission of this evidence is not consistent with the charge to the jury that the judgment in the previous suit determined that no change was made reducing the sum from $100 to $50.

4. The plaintiff's exception to the introduction of the conversation between the plaintiff, the defendant, and the defendant's daughter in April, 1896, must be sustained.

By the judgment in the prior suit, it was finally determined that there was no reduction from $100 to $50, as the defendant and his daughter testified was agreed upon in the conversation which took place in April, 1896. The testimony as to that conversation, therefore, was *prima facie* inadmissible. The defendant contends that it had been made admissible by the plaintiff, because the defendant, on cross-examination, had asked the plaintiff whether he had made the claim that the goods which he was trying to sell for the defendant were defective, to which the plaintiff had answered that he had made that claim, and that he had made it at the conversation in April, 1896 ; the plaintiff, on redirect examination, had asked the defendant whether the goods were in fact defective or not, with a view of explaining his small sales, and he testified that

they were defective. The plaintiff's answer to the defendant's question on cross-examination did not entitle the defendant to put in the rest of the conversation of April, 1896, which was in itself inadmissible, and the plaintiff's question on redirect examination did not in any way make it competent or enlarge the rights of the defendant to introduce that conversation in evidence. If the plaintiff's testimony that he did make the claim that the goods were defective was material, the defendant and his daughter had the right to contradict him, but that statement of the plaintiff, in answer to a question put by the defendant on cross-examination, did not give the defendant the right to go further and testify at length to the rest of this conversation, which was in itself inadmissible.

The other exceptions raise questions which are not likely to arise on the new trial, and are not therefore considered by us.

*Exceptions sustained.*