FRANKLIN C. ELDRIDGE & others *vs.* CHARLES McDERMOTT.

Barnstable.     January 15, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Section 21 of Pub. Sts. c. 60, requires oats to be sold by the bushel. Section 22 of the same chapter requires a bushel of oats to be thirty-two pounds. *Held,* that a sale of oats by the bag under a custom requiring each bag to contain two bushels of thirty-two pounds each was a valid sale. *Eaton* v. *Kegan,* 114 Mass. 433, distinguished.

In an action for the price of oats sold "by the bag," evidence is admissible, of a usage of trade by which the term "bag of oats" means sixty-four pounds of oats, not including the bag, or two bushels of oats of thirty-two pounds each.

CONTRACT to recover $670.70 for goods sold, of which $338.25 was for the price of oats sold and delivered in bags. Writ dated October 31, 1898.

At the trial in the Superior Court, before *Sherman,* J., without a jury, the plaintiffs put in an auditor's report and rested. The defendant did not offer any evidence, and it was agreed that the auditor's report should be taken as an agreed statement of facts. ·

The judge found for the plaintiffs in the sum of $751.18, being the amount found due by the auditor with interest thereon since the date of the writ, and reported the case for the consideration of this court. If the finding was not authorized, then judgment was to be entered for the plaintiffs for the sum of $332.45, with interest from the date of the writ, or such judgment was to be entered as law and justice might require.

The auditor's report was as follows :

" I find that Franklin C. Eldridge, one of the partners of the firm of Eldridge & Keene, the plaintiffs, and the defendant made

an oral contract some time in March, 1898, whereby the plaintiffs agreed to sell and deliver to the defendant oats by the bag, corn by the bushel and hay by the ton, in such quantities as the defendant should order from time to time, at current rates; and that the plaintiffs sold and delivered the merchandise as set forth in their declaration under said contract; that the oats were charged by the plaintiffs on their books by the bag; that the total charge to the defendant amounted to $670.70; that of this amount $338.25 was for oats sold and delivered under said contract, and that the prices therein charged were current rates at the time of said sales.

" I find further, under testimony which was objected to by the defendant, but which was admitted *de bene*, that by a usage in the trade among grain dealers, the term 'bag of oats' means two bushels of thirty-two pounds each; that the defendant understood, when he made the contract that a bag of oats meant sixty-four pounds of oats, not including the bag, and that that is what he understood he was to receive of the plaintiffs under the terms of the contract with them; that the plaintiffs had the same understanding of the contract. I find further that the plaintiffs had a greater part of their oats shipped to them in bulk; that they weighed and bagged them at their store, putting sixty-four pounds in each bag; that the oats they had had consigned to them in bags were not weighed by them, but were weighed by their consignors, and that each bag contained sixty-four pounds of oats, and that each bag of oats delivered to the defendant by the plaintiffs was either weighed by the plaintiffs or by their consignors, and contained sixty-four pounds of oats.

" If under the foregoing statement of facts the plaintiffs are entitled to recover the price of the oats delivered, I find for the plaintiffs in the sum of $670.70, the amount claimed in their declaration, with interest from the date of the writ. Otherwise, I find for the plaintiffs in the sum of $332.45, for the other items specified in their declaration, with interest from the date of the writ."

Pub. St. c. 60, §§ 21 and 22, relating to grain and meal, are as follows:

" Sect. 21. In all contracts for the sale and delivery of wheat, corn, rye, oats, barley, buckwheat, cracked corn, ground corn or

corn meal, ground rye or rye meal, or feed, or any other meal except oatmeal, the same shall, except as provided in chapter sixty-six, be bargained for and sold either by the bushel or by the cental.

"Sect. 22. A bushel of wheat shall be sixty pounds avoirdupois; a bushel of corn or rye, fifty-six pounds; a bushel of oats, thirty-two pounds; a bushel of barley or buckwheat, forty-eight pounds; a bushel of cracked corn, corn meal, rye meal, or feed, or any other meal except oatmeal, fifty pounds; and a cental, one hundred pounds."

*T. C. Day*, for the defendant.

*H. P. Harriman*, (*M. C. Waterhouse* with him,) for the plaintiffs.

MORTON, J. The only matter now at issue in this case is the plaintiffs' right to recover for the oats. The case was sent to an auditor and, at the hearing in the Superior Court, it was agreed that his report should be taken as an agreed statement of facts. It appears from the report that there was an oral contract between the plaintiffs and the defendant by which the plaintiffs were to sell and deliver to the defendant oats by the bag, hay by the ton, and corn by the bushel at current rates in such quantities as the defendant should order from time to time. The oats were delivered under the contract, and were charged to the defendant by the plaintiffs on their books by the bag at the current rates. The auditor found if it was admissible that according to a trade usage amongst grain dealers the term "bag of oats" meant two bushels of thirty-two pounds each, and that the defendant understood when he made the contract that a bag of oats meant sixty-four pounds of oats, not including the bag, and that that was what he was to receive from the plaintiffs. The plaintiffs understood the same. The auditor also found that the plaintiffs had the greater part of the oats shipped to them in bulk and weighed and bagged them at their store putting sixty-four pounds in each bag; that oats consigned to them by the bag were weighed by the consignors, and each bag contained sixty-four pounds; and that each bag delivered to the defendant was either weighed by the plaintiffs or their consignors and contained sixty-four pounds.

The defendant contends that there was not a sale by the bushel as required by Pub. Sts. c. 60, § 21, and that the evi-

dence of usage was inadmissible, and he relies upon *Eaton* v. *Kegan*, 114 Mass. 433.

1. If, when parties have contracted orally as one of the terms of the contract to sell oats by the bag, such a sale is to be regarded under any and all circumstances as a sale in violation of the statute, then, it is clear that the evidence of usage was inadmissible, since evidence of usage cannot be shown to justify an illegal sale. But we do not think that the rule can be laid down so broadly. Notwithstanding the form of the phrase, we think that it would be open to the parties to show, if they could, by any competent evidence that the sale was in fact a sale by the bushel. We think therefore that the evidence of usage was rightly admitted. See *Page* v. *Cole*, 120 Mass. 37; *Mooney* v. *Howard Ins. Co.* 138 Mass. 375.

2. The question then is whether, in view of the usage and of what was done in weighing and delivering the oats, the sale is to be regarded as a sale by the bag merely, or as a sale by the bag of two bushels in a bag, in which case we think that it would be in effect a sale by the bushel. The usage shows and the auditor has found that when the parties were contracting they understood that they were contracting for bags of oats containing sixty-four pounds or two bushels of thirty-two pounds each. The auditor has also found that there was weighed and put into each bag that was delivered sixty-four pounds or two bushels and that the bags were not included in the sale. It seems to us that this was in effect a sale of oats by the bushel. The fact that the oats were charged on the plaintiffs' books by the bag is immaterial so long as it was understood that the bags were to contain and did contain two bushels of thirty-two pounds each. It is difficult to see how the defendant could have lost any benefit which it was the purpose of the statute to insure to a buyer. The case of *Eaton* v. *Kegan, ubi supra*, is materially different from this. The oats and meal were sold in that case by the bag and charged by the bag, and "there was no evidence that they were sold in any other way than as charged, nor that the same were weighed or measured, nor of the quantity contained in each bag other than that they were of the value charged." There is evidence of precisely the contrary character in this case.

*Exceptions overruled.*