### L. J. BOWMAN v. W. L. BLANKENSHIP AND WIFE, ADA BLANKENSHIP.

(Filed 6 December, 1911.)

**1. Contracts—Express Terms—Local Custom—Evidence.**

An ordinary express contract which is definite, specific, and plain of meaning may not, as a rule, be changed or varied by evidence of local custom or usage.

**2. Same—Conflicting Evidence—Contracts in General Terms.**

Plaintiff sued for balance claimed to be due him by defendant for sawing lumber of the latter, and introduced evidence tending to prove that he had complied with his contract, which required that he was to saw it in a manner suitable for market and was to "edge it square so as to save loss at the mills." The defendant contended that he did not owe the amount sued for, and offered evidence tending to show that the plaintiff was to square it up and cut it for the shops, which defendant said he knew how to do and had the proper machinery for the purpose, but which he did not do: *Held,* in this case, that testimony tending to show that the lumber cut was "as good as any mill commonly cuts" was competent, in view of the conflicting evidence of what the contract really was, the plaintiff's testimony tending to establish an agreement in terms sufficiently general and indefinite to make the evidence admissible.

APPEAL from *Long, J.,* at May Term, 1911, of CATAWBA.

Civil action to recover $246.77, an amount alleged to be due plaintiff for sawing lumber.

There was denial of the debt to the amount alleged to be due. The jury rendered a verdict and in favor of plaintiff for the amount claimed. Judgment on the verdict, and defendant excepted and appealed.

*A. A. Whitener for plaintiff.*
*W. A. Self and J. H. Burke for defendant.*

HOKE, J.   On the argument it was correctly contended by defendants' counsel that an ordinary express contract which is definite, specific, and plain of meaning may not as a rule be changed or varied by evidence of local custom or usage.  *Cooper v. Purvis,* 46 N. C., 142; *Baseball Club v. Pickett,* 78 Ind., 375; *Brown v. Foster,* 113 Mass., 463; *Mearage v. Rosenthal,* 175 Mass., 358.  But in our opinion the present case does not come within the principle.   The plaintiff claimed and testified that he was to saw defendants' lumber in a manner suitable for market, and was to "edge it square so as to save loss at the mills"; that he had done the work according to contract, and the balance due was $246.77.   Defendant contended and testified:  "That plaintiff was to square it up.   I told him we wanted the lumber cut for the shops; that defendant said he knew how to do this, said he had a good mill and a good edger and would square it up for the shops and do a guaranteed job."  That a part of the lumber did not come up to the specifications.  That the amount was not so much as claimed and the balance due was only about $60.   In support of his position plaintiff introduced witnesses who testified—one, "That it was good lumber and was edged good."   Another, W. A. Holler, "That he had had twenty-two years experience in sawing; that the lumber was all right, edged all right."   Another, Thomas Moretz, "That he had had twenty years experience as sawyer, and it was cut as good as any mill commonly cuts."

The testimony was admitted over defendant's objection, his position being that each and every piece of the lumber was to be squared and that evidence to change this specific requirement because the lumber was good as "commonly cut," etc., was inadmissible.

There is doubt if by defendant's version of the contract the terms were sufficiently definite and precise as to render the testimony inadmissible, but there was dispute about the exact terms of the contract and its requirements, and plaintiff's testimony tended to establish an agreement in terms sufficiently general

and indefinite as to justify reception of the evidence. We find
no testimony that any of lumber was rejected at the shops be-
cause unsuitable.

The charge of the court gave defendant the full benefit of the
position contended for by him; the jury, adopting plaintiff's
version of the contract and facts relevant, have rendered a ver-
dict for the full amount claimed, and we find no error which
gives defendant any just ground for complaint.

No error.