JOHANNA MEEGAN *vs.* CARL D. HALL.

Middlesex.    February 15, 1922. — June 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Construction, Building contract, In writing.    *Practice, Civil,* Question for jury, Exceptions, Judgment ordered by Supreme Judicial Court.

A mason agreed with a general contractor constructing five buildings to do "all mason work on cellars according to plans & specifications not including any plastering cellars. . . ." The specification, under the heading, "Cement Work," called for "Cement walk to front door three feet wide," and "Put in 3" cement floor under heater, size 4" x 4" the rest of floor 2"," and called for cesspools. In an action of contract against the general contractor, the mason sought to recover, as items outside the contract, for constructing four hundred eighty-four square feet of granolithic sidewalk, for cementing cellar floors and for building and piping catch basins. The defendant testified that the cement walks were to the front door from the sidewalk, and that "there were walks to the back door, to the cellar door and back door from the sidewalk line." There was evidence for the plaintiff that "all mason work on cellars" "meant everything in the shape of holding up the building. That would mean the walls around and under the building that hold it up." The judge ruled that the building of the sidewalks was not within the plaintiff's contract, and left to the jury the questions, whether the cementing of the cellar floors was within the plaintiff's contract, and whether the catch basins, which the plaintiff contended he should be paid for as an item outside the specifications, were cesspools called for by the specifications. *Held,* that

(1) The judge's ruling as to the sidewalk was correct;

(2) It was clear from the specifications that the cementing of the cellar floors was within the specifications and that the plaintiff could not recover therefor;

(3) The judge should not have left to the jury the question, whether the cementing of the cellar floors was within the plaintiff's contract;

(4) The question, whether the catch basins, which the plaintiff contended he should be paid for as an item outside the specifications, were the cesspools called for by the specifications, properly was left to the jury.

In an action of contract upon an account annexed containing three items, there was a verdict for the plaintiff for the full amount claimed and the defendant alleged exceptions relating to all the items. This court overruled exceptions as to two of the items and, in sustaining an exception as to the third item, ruled that upon a proper construction of a contract in writing between the parties no recovery could be had upon that item, and ordered judgment for the plaintiff upon the two items.

CONTRACT upon an account annexed containing the following items: "(1) 484 sq. ft. of granolithic sidewalk at $.22 sq. ft., $106.04; (2) five cellars cemented at $35.40 each, $177; (3) five

catch basins and pipings at $12 each, $60; total, $343.04." Writ in the Third District Court of Eastern Middlesex dated October 11, 1917.

On appeal to the Superior Court, the action was tried before *Hammond, J.* It appeared that the plans and specifications referred to in the opinion called for cesspools. The judge left to the jury the question, whether the articles for which the plaintiff sought recovery in the third item of the account annexed were cesspools called for by the contract, or were catch basins, not called for by the contract.

Other material evidence and instructions by the judge are described in the opinion. At the close of the evidence, the defendant moved that the jury be instructed that the plaintiff could not recover on the first two items. The motion was denied. The defendant asked for the following rulings:

"1. On all the evidence a verdict should be directed for the defendant.

"2. The item of the plaintiff's claim for cementing cellar was covered in the specifications upon which he made his contract and cannot be recovered by him as an extra outside of his contract.

"3. The item of the plaintiff's claim for four hundred eighty-two square feet of cement walk was covered in the specifications upon which he made up his contract and cannot be recovered by him as an extra outside of his contract.

"4. The item of five catch basins, $60.00, claimed by the plaintiff was covered in the specifications upon which he made his contract and cannot be recovered by him as an extra outside of his contract."

"7. On all the evidence, the parties had an accounting and full settlement when the plaintiff received and accepted the written account from the defendant and the check of $23.

"8. On all the evidence the plaintiff was required to cement the cellar and to build the walk as a part of his contract with the defendant and cannot recover the items of $106.04 and $177 which he claims."

The rulings were refused. There was a verdict for the plaintiff in the sum of $412.22; and the defendant alleged exceptions.

*E. N. Carpenter,* for the defendant.

*E. L. Ryerson,* for the plaintiff.

CROSBY, J. The plaintiff made a written contract with the defendant, a general contractor, to do certain mason work on five houses. The plaintiff was a subcontractor, and her husband was her agent in making the contract and in doing the work. She was paid the contract price, and $130 for extra work. This action is brought to recover for other work which it is claimed by the plaintiff was not included in the contract but was performed at the request of the defendant. The latter contends that it was included in the contract and has been paid for.

The contract recites that the plaintiff is to do "all mason work on cellars according to plans & specifications not including any plastering cellars. . . ."

The first item for which the plaintiff seeks to recover is for constructing four hundred eighty-four square feet of granolithic sidewalk. The trial judge rightly ruled and instructed the jury that the building of the sidewalks is not within the meaning of the contract under which the plaintiff agreed to do all mason work on cellars according to the plans and specifications; and that she was entitled to recover the fair cost of the work if done at the request of the defendant and no sum was named as the price to be paid for it.

In the specifications under "Cement Work" it is recited "Cement walk to front door three feet wide." The defendant testified that the cement walks were to the front door from the sidewalk; and that "there were walks to the back door, to the cellar door and back door from the sidewalk line." It thus appears that there were walks built besides those from the front door. Accordingly it could not have been ruled that all the walks built by the plaintiff were covered by the specifications.

The second item is for concreting five cellars. This work as charged for was for cementing the floors of the cellars. The specifications recite under "Cement Work," "Put in 3″ cement floor under heater, size 4″x4″ the rest of floor 2″." Under these specifications the plaintiff expressly agreed to put in the cement floors in the cellars.

The judge left to the jury the question whether the parties intended that the agreement of the plaintiff to do "all mason work on cellars according to plans & specifications" was to include cementing cellar floors. The specifications are free from ambi-

guity; and it should have been ruled as matter of law that the plaintiff could not recover for this charge, notwithstanding the testimony of the plaintiff's husband that all mason work in the cellars "meant everything in the shape of holding up the building. That would mean the walls around and under the building that hold it up." This evidence cannot control or annul the plain and unambiguous terms of the specifications. *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53. *Waldstein* v. *Dooskin,* 220 Mass. 232, 335.

The third item is for constructing five catch basins and piping. Whether these catch basins were a part of the contract or were outside of it and ordered by the defendant was rightly left to the jury to determine.

The exception to the exclusion of the letter offered by the defendant has not been argued and is treated as waived. It was not material upon any issue in the case. The fifth, sixth and ninth exceptions are waived; the second is sustained; all others are overruled. For the reasons stated, the defendant's motion that the court rule that the plaintiff cannot recover was rightly denied.

As the plaintiff cannot recover for cementing the cellars, the sum of $177 with interest thereon from the date of the writ to the date of the verdict should be deducted from the amount of the verdict, and judgment entered for the balance.

*So ordered.*