LAMBI VRUSHO *vs.* NICKOLAS VRUSHO.

Worcester.    September 28, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Payment. Practice, Civil,* Variance, Appeal. *District Court,* Appellate Division.

In an action of contract with a declaration in two counts, one for money loaned and one for money had and received, where the defendant's answer sets up payment, such defence cannot be established by proof of a disputed claim in set-off, nor is a proof of mutual indebtedness sufficient to sustain such defence in the absence of proof of an agreement that one debt so offset the other.

At the trial in a district court of an action with a declaration in two counts, one for money loaned and one for money had and received, the defendant, admitting that he owed the money, attempted to establish a defence of payment by proving a disputed claim in set-off. The trial judge refused to rule that the plaintiff was entitled to recover,

found that the plaintiff had been paid in full, found for the defendant, and, at the request of the plaintiff, reported the case to the Appellate Division, who decided that there was prejudicial error in the refusal by the trial judge to give requests by the plaintiff for rulings which were in effect that the plaintiff was entitled to recover on each count of the declaration and that the defendant had failed to prove that payment had been made, and stated, "it further appearing that except for such prejudicial error, judgment should properly have been entered for the plaintiff, it is hereby ordered that . . . the following entry . . . [be made]: Judgment for the defendant reversed.  Judgment for the plaintiff" in a certain sum.  Upon an appeal by the defendant, it was *held,* that, while the Appellate Division, instead of ordering judgment, could have ordered a new trial, nevertheless, the defendant, having failed to prove payment of a debt admittedly due, could not prevail, and no error of law appeared in the reversal of the judgment in the defendant's favor and in the order of judgment for the plaintiff.

CONTRACT, with a declaration as amended in two counts, alleged to be for different causes of action, the first being for $400, "money loaned to the defendant by the plaintiff," and the second for $54.07, "money had and received." Writ in the Central District Court of Worcester dated October 14, 1925.

Material evidence at the trial in the District Court is described in the opinion.  The exceptions to admission of evidence referred to in the opinion were exceptions by the plaintiff.  The plaintiff asked the judge to rule as follows:

"1. That upon all the pleadings and evidence the plaintiff is entitled to recover on count one of his declaration.

"2. That upon all the pleadings and evidence the plaintiff is entitled to recover on count two of his declaration.

"3. That the defendant has failed to prove by evidence that payment was made."

The rulings were refused.  The judge found that "the plaintiff has been paid in full," found for the defendant, and at the request of the plaintiff reported the action to the Appellate Division for the Western District, who "decided that there was prejudicial error in the refusal of the trial court to give the plaintiff's requests for rulings and as to the admission of certain evidence; and it further appearing that except for such prejudicial error, judgment should properly have been entered for the plaintiff, it is hereby ordered that the clerk of the Central District Court of Worcester make

the following entry upon the docket of said court: Judgment for the defendant reversed. Judgment for the plaintiff in the sum of $454.07."

The defendant appealed.

*C. S. Murphy*, for the plaintiff.

*C. F. Campbell & J. C. Donnelly*, for the defendant.

BRALEY, J. The record states that "the following facts were testified to by the plaintiff and admitted by the defendant." It is unnecessary to recite them in detail. The trial judge was warranted in finding thereon that the defendant had received from the plaintiff $454.07, the amount claimed in the declaration. But the defendant, besides a general denial, had pleaded payment, and the judge expressly found, that "the plaintiff has been paid in full." The question accordingly is, whether upon the evidence this finding was warranted.

The defendant never paid nor tendered the amount claimed. It is contended, however, that as a result of subsequent monetary dealings the debt was extinguished. A review of these transactions shows that the debts not only were separate, but unlike in character and amount although upon final adjustment a balance due from the plaintiff might be found, on conflicting evidence.

A disputed claim in set-off cannot be established under a plea of payment. The debtor must deliver to the creditor money or its equivalent in some form, accepted by him. *Talcott* v. *Smith*, 142 Mass. 542. And, in the absence of an agreement between the parties that one debt shall offset the other, mutual indebtedness of itself is insufficient. *Cary* v. *Bancroft*, 14 Pick. 315. *Breck* v. *Barney*, 183 Mass. 133.

We find no error in the rulings on evidence. The letter of the defendant to the plaintiff in a foreign language, in so far as material, which, when thus offered, was excluded, was afterwards translated and the translation admitted, and the testimony of the defendant after the plaintiff had rested, as well as the evidence of counsel, who with their knowledge and acquiescence, as the judge could find, had acted for both parties in an effort to adjust their differences, also was admissible. *Thompson* v. *Cashman*, 181 Mass. 36.

The case, of course, could be tried and determined only upon the pleadings. It follows from what has been said that the refusal to give the plaintiff's requests, that he was entitled to recover, was erroneous, and the finding that he had been paid was unwarranted.

The defendant urges that, if he should have pleaded in set-off, a new trial ought to be granted to enable him by amendment to raise this question, and that the Appellate Division had no power to order judgment for the plaintiff. While the Appellate Division, instead of ordering judgment, could have ordered a new trial, and this court can enter any order which the Appellate Division ought to have made, yet, the defendant having failed to prove payment of a debt admittedly due, cannot prevail, and no error of law appears in the reversal of the judgment in his favor or in the order of judgment for the plaintiff. *Loanes* v. *Gast*, 216 Mass. 197. *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526. *Spevack* v. *Budish*, 238 Mass. 215. *Newman* v. *Hill*, 250 Mass. 578. G. L. c. 231, § 110, as amended by St. 1922, c. 532, § 8. G. L. c. 231, §§ 134, 135. It is,

*Affirmed.*