The Stanley Newman Company *vs.* City of Boston & others.

Suffolk.     April 3, 1935. — June 27, 1935.

Present: Rugg, C.J., Crosby, Pierce, Lummus, & Qua, JJ.

*Evidence*, Extrinsic affecting writing.  *Contract*, Construction, Building contract.  *Words*, "Dampproofing."

Parol evidence of their trade meaning was admissible to show that "waterproofing" and "dampproofing" in a written building contract did not include insulation.

Bill in equity, filed in the Superior Court on September 11, 1933.

The suit was heard by *Gray*, J.

*R. H. Klainer*, (*J. I. Packer* with him,) for the defendants.

*T. von Rosenvinge*, (*V. L. Hennessy* with him,) for the plaintiff.

Lummus, J.   This is a bill in equity by a subcontractor on a schoolhouse, to obtain payment out of security furnished by the contractor under G. L. (Ter. Ed.) c. 149, § 29. The only question is the amount due.  The judge ruled that the plaintiff had performed its contract, and entered a decree for the balance unpaid.  The contractor appealed.

The subcontract required the plaintiff to do the waterproofing, and the "Dampproofing to the interior surfaces of all exterior walls. . . . All the above work to comply with the general specifications and according to Sect. 5 Pg. 65 to Pg. 68 inclusive and all other work that specifications call for."   The failure of the plaintiff to dampproof the inside of the exterior walls between the ceiling of the upper story and the roof was excused by the fact that the specifications called for dampproofing only where the walls were "plastered and furred," as the walls in that place were not. The judge found that the insulation of the walls in the same place with "a ½-inch thick layer of Sprayo-Flake insulation

(or equal) sprayed on" was not dampproofing or water-proofing included in the plaintiff's contract, but insulation, a different thing not included.

The distinctions among these words as used in the trade were properly shown by oral evidence. *Eaton* v. *Smith*, 20 Pick. 150, 156. *Crocker* v. *People's Mutual Fire Ins. Co.* 8 Cush. 79. *Daniels* v. *Hudson River Fire Ins. Co.* 12 Cush. 416, 427–430. *Smith* v. *Faulkner*, 12 Gray, 251, 255, 256. *Whitmarsh* v. *Conway Fire Ins. Co.* 16 Gray, 359. *Stoops* v. *Smith*, 100 Mass. 63, 66. *Swett* v. *Shumway*, 102 Mass. 365. *Whitney* v. *Boardman*, 118 Mass. 242, 247. *Page* v. *Cole*, 120 Mass. 37. *Houghton* v. *Watertown Fire Ins. Co.* 131 Mass. 300. *Mooney* v. *Howard Ins. Co.* 138 Mass. 375. *Hutchins* v. *Webster*, 165 Mass. 439. *Eldridge* v. *McDermott*, 178 Mass. 256. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527, 533, 534. *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472. *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 324, 325. *Federal Ins. Co.* v. *Gilmour*, 206 Mass. 203, 206. *Proctor* v. *Atlantic Fish Companies, Ltd.* 208 Mass. 351, 354. *Selectmen of Natick* v. *Boston & Albany Railroad*, 210 Mass. 229, 232. *W. T. Tilden Co.* v. *Densten Hair Co.* 216 Mass. 323. *L. E. Fosgate Co.* v. *Spokane Valley Growers Union*, 263 Mass. 15, 21. 89 Am. L. R. 1228. Wigmore, Evidence (2d ed.) §§ 1955, 2464. Compare *Odiorne* v. *New England Mutual Marine Ins. Co.* 101 Mass. 551, 553, *Daly* v. *Kingston*, 177 Mass. 312, and *Meegan* v. *Hall*, 241 Mass. 449, where the words were deemed too plain to admit of explanation.

*Decree affirmed with costs.*