# Welsh *v.* Huckestein & Co., Appellants.

*Contract for sale of brick—Method of measurement.*

Where a contract for the sale of bricks was not in writing, and plaintiffs alleged that the bricks were to be " counted in the wall," while the defendants alleged that they were to be " measured in the wall," a question of fact was raised which was properly for the jury.

In such a case it was competent to show by the testimony of persons in the trade what was meant by the expression " measured in the wall," and how such measurement was made.

Argued Oct. 3, 1892.    Appeal, No. 252, Oct. T., 1891, by defendants, Huckestein & Co., from judgment of C. P. Westmoreland Co., May T., 1889, No. 42, on verdict for plaintiffs, Welsh & Blank. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Mechanics' lien for bricks furnished for building.

At the trial, before RAYBURN, P. J., of the 33d judicial district, specially presiding, plaintiffs claimed that defendants were liable for 796,372 bricks, the number being ascertained by measurement in the wall. Defendants claimed that they were liable for only 603,131, which number they found by counting the bricks in the wall.

Plaintiffs introduced, under objection and exception, various testimony which tended to show the expression " measured in the wall " was a term in common use among brick makers, and that it meant to measure up the wall to get the number of

cubic feet and take twenty-one and one half brick to the cubic foot. [1–5]

The court charged in part as follows:

[" What is meant by 'measuring in the wall,' whether it is taking the number of cubic feet and allowing twenty-one and one half brick to the cubic foot, or whether it is counting the number of bricks long, the number of rows high and the number of bricks in thickness of this wall, and counting out the openings ? To arrive at that, gentlemen, you will take into consideration from the evidence placed before you the kind of contract they would enter into, or what they meant by this kind of a contract, being men engaged in that kind of business, whether or not it is reasonable that they both, or either of them, would understand that brick were to be counted in the wall by the manner in which the defendants allege, or whether it was to be counted by so many brick to the cubic foot as the plaintiffs allege.] [6] . . . .

" [In the defendants' testimony on that point there seems to be a good many persons called who had practical experience in that line—in the way of measuring, counting brick in the wall to find out the material, who say the way is to count by actual count, as they call it—counting the number of bricks long, the number of rows high and the number of bricks wide. These witnesses are from Allegheny county ; the plaintiffs' witnesses are from this county. We will not undertake to say whether there should be any different usages in the trade in this county and Allegheny county. They seem to be almost contiguous vicinities, and it will be for you to say which of these claims is the correct one, whether it is right as stated by the witnesses for the plaintiff to measure the wall in accordance with this contract by taking cubic feet and allowing twenty-one and one-half brick to the cubic foot, or whether or not the claim of the defendants is the correct way of taking this under this contract —that is, counting the brick as given by the witnesses of the defendants."] [7]

Defendants' point, refused, was as follows :

" 3. The evidence of the rule as to there being a custom among builders to ascertain the number of brick in a building by measuring the wall in cubic feet and ascertaining its contents in this case does not fulfill these requirements, and must

be excluded from the jury in ascertaining the number of brick in this building." [8]

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were (1–5) rulings on evidence; (6–8) instructions, quoting them.

*A. M. Imbrie,* with him *A. M. Sloan* and *E. E. Robbins,* for appellants, cited, on the question of custom, 2 Gr. Ev., sec. 251 ; Corcoran v. Chess, 131 Pa. 356 ; Adams v. Ins. Co., 76 Pa. 414 ; Ambler v. Phillips, 132 Pa. 167.

*James S. Moorhead, John B. Head* with him,  for appellees.— Parol evidence may be admitted to explain a technical term : Webb v. Mears, 4 Phila. 321 ; Brown v. Brooks, 25 Pa. 210 ; Hackett v. Smith, 4 W. N. 475 ; Carey v. Bright, 58 Pa. 70 ; Shaffer v. Senseman, 125 Pa. 310 ; Garman v. Potts, 135 Pa. 506.

PER CURIAM, November 7, 1892:

The principal contention in this case was as to the mode of ascertaining the number of brick used by the defendants. The contract was not in writing and the parties differed in their recollection of it.   This raised a question of fact which was fairly submitted to the jury.   There was no question of "custom" in the case, in the ordinary meaning of the term. It was entirely competent to show by the testimony of persons in the trade what the expression "measured in the wall" means, and how such measurement is made.

There is an expression in that portion of the charge embraced in the sixth specification which is not free from criticism, but we regard it as harmless.   The effect of it was merely to leave the jury to find whether the brick were to be counted in the wall by the manner in which the defendants allege, or whether it was to be counted by so many bricks to the cubic foot as the plaintiffs allege.

Judgment affirmed.