## McCullough *v.* Ashbridge, Appellant.

*Custom—Mason's measurement—Evidence.*

In an action to recover the price of building four stone gate piers, at two dollars per perch, mason's measure, it is not improper to admit evidence of a custom among masons to measure piers by finding their actual surface contents, and dividing the result by sixteen and one half.

Argued Feb. 9, 1893. Appeal, No. 100, Jan. T., 1893, by defendant, Abram S. Ashbridge, from judgment of C. P. Chester Co., Jan. T., 1892, No. 91, on verdict for plaintiff, James McCullough. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on building contract.

Plaintiff claimed to recover $34.00 for building four stone piers or gate posts, at $2.00 per perch, mason's measure. The posts were circular in form, three feet in diameter and seven and one half feet high.

At the trial, before WADDELL, P. J., plaintiff offered evidence of a custom among masons in the locality to measure piers by finding their actual surface contents, and dividing the result by sixteen and one half. Defendant claimed that the custom was unreasonable.

Defendant's points were among others as follows:

4. Request for binding instructions. Refused. [1]

" 7. There being evidence that there are different rules of measurement in this locality, the parties are relegated to the rules of law. *Answer:* If you should conclude that there are different rules, then it affects the question of custom; but it does not dispose of the question as to how much work was done. If you should conclude there are various rules as to measuring, then you will reach the conclusion that there is no custom about it; that the custom is not so uniform and certain as to warrant you in saying that it is a custom. And still it is for you to ascertain how much work he did by the measurements which have been submitted." [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were, (1, 3) instructions, quoting them.

*A. S. Ashbridge, Jr.,* for appellant, cited: Cope v. Dodd, 13 Pa. 33; Adams v. Pittsburgh Ins. Co., 76 Pa. 411; Jones v. Wagner, 66 Pa. 429; Jordan v. Meredith, 3 Yeates, 318; Walls v. Bailey, 49 N. Y. 464; Evans v. Waln, 71 Pa. 69; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81.

*Thos. W. Pierce,* for appellee, filed no printed brief.

PER CURIAM, February 20, 1893: Judgment affirmed.

---

# Walb *v.* Snyder and Dailey, Appellants.

*Evidence—Deeds—Curtesy—Charge on land.*

In 1845 the orphans' court appointed a trustee to invest in real estate the share of Mary Ann Snyder, a married woman, in her father's estate, under the act of March 29, 1832. The trustee invested the fund in land. In 1853, the husband of the cestui que trust died, and the widow married Weil. In 1853 under an order of court the trustee conveyed the premises to Weil, who gave a mortgage for $1,000 to secure the share of his wife to her separate use. This mortgage was subsequently satisfied. On May 14, 1864, Weil and wife conveyed to Maurer, the trustee, the land in question, for the purpose of divesting Weil of his curtesy. On the same day Maurer conveyed the land to Mrs. Weil, the deed containing this clause: "It is hereby understood that this estate shall not be liable to the curtesy of the husband." The deed also provided that after the death of the wife, the land should vest in her two sons subject to the payment by them of $800 to the mother's representative in proportions to be designated by their mother. In 1866 Mrs. Weil divided the land between her two sons, putting them in possession and designating their shares in writing as prescribed by the deed. The writing was in form of a conveyance, subject to the charges aforesaid, but was not signed by Weil or properly acknowledged by his wife. *Held,* in an action of assumpsit to enforce the charge on the land, that the deed creating the charge, and the writing designating the proportions to be paid by the sons, were properly admitted in evidence, and that plaintiff was entitled to recover.

Argued Feb. 27, 1893.    Appeals, Nos. 31 and 32, July T., 1892, by defendants, Albert U. Snyder and Mary F. Dailey, from judgment of C. P. Berks Co., Nov. T., 1890, Nos. 18 and 19, on verdicts for plaintiffs, Amanda Walb and Annie Maria Bechtel, children and heirs of Mary Ann Weil, deceased.