EMPIRE PETROLEUM COMPANY *v.* SOUTHERN PIPE LINE COMPANY.

Opinion delivered May 16, 1927.

VENDOR AND PURCHASER—AGREEMENT TO PAY TAXES FOR "CURRENT YEAR."—A vendor's agreement to pay a pro rata part of the taxes for the "current year" held to refer to the calendar year and not to the fiscal or tax year.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*J. W. Finley, Hayes McCoy* and *Warren T. Spies.* for appellant.

*Mahony, Yocum & Saye,* for appellee.

HUMPHREYS, J. Appellee, successor to the Crusader Pipe Line Company, brought suit against appellants in

the Second Division of the circuit court of Union County to recover $2,289.88 alleged to be due it under written contract for the taxes of 1924 on personal and real property in Ouachita County, Arkansas, which it agreed to purchase from appellants on August 28, 1924, and which was turned over to it the first of September following. The third paragraph of the contract, which was set out and made a part of the complaint, is as follows:

"Third.   With reference to the taxes on all property which we are selling you, being both oil of the Empire Petroleum Company and real estate and personal property of the Empire Pipe Line Company.   We agree that we will pay our pro-rata part of this year's taxes, *i. e.*, when these taxes are due, about January 1, 1925, you will pay same and bill us for our portion according to the pro-rata part of the current year during which this property was in our possession.   The date from which this reckoning shall be made will be the date on which the property in question is actually turned over to you."

It was alleged in the complaint that the taxes upon the property amounted to $3,431.31, and that, after proper demand, appellants refused to reimburse appellee for two-thirds of said taxes.

Appellants filed a demurrer to the complaint, which was overruled by the court, whereupon they declined to plead further, and judgment was rendered against them for the amount claimed, from which is this appeal.

The demurrer was overruled and the judgment rendered upon the theory that the phrase "current year" used in the contract had reference to the calendar year 1924, and, as the property was delivered on September 1 of that year, appellants owed appellee two-thirds of the amount paid in 1925 for the taxes of 1924.

Appellants contend for a reversal of the judgment upon the ground that the term "current year" in the contract had reference to the "fiscal" or "tax year," during which the 1924 taxes were to be expended to cover the cost of Government.   We do not think the "tax

year'' in Arkansas is the criterion or key by which the third paragraph in the contract is to be construed. The taxes which were to become due on January 1, 1925, were the taxes about which the parties were contracting and the pro-rata part of which each was to pay. The contract specifies in unambiguous language that the proportionate part of the year's taxes which each must pay shall be determined by the pro-rata part of the current year during which the property was in their respective possessions, meaning, of course, the pro-rata part of the year in which the contract was made. The word ''current'' is defined in Webster's Dictionary, in part, as follows: ''Now passing, as time, or pertaining to the present time, as the current month; the current number of a periodical.'' Appellants had the possession of the property from January 1, 1924, until September 1 of the same year, and appellee had possession thereof from September 1 to December 31 of the same year, so it follows that the court was correct in adjudging that appellants should pay two-thirds of the taxes.

No error appearing, the judgment is affirmed.