## Capital Bank & Trust Co. et al., Trustees, v. Bashore

*E. D. Siegrist* and *Mark T. Milnor*, for plaintiffs.
*H. Rank Bickel, Jr.*, of *Bickel & Bickel*, for defendant.

HENRY, P. J., January 31, 1940.—This case is in assumpsit and the parties have agreed to the trial of the case by the court without a jury. Plaintiffs have sued for a balance claimed to be due from defendant under an agreement of sale, for unpaid school taxes on properties sold by plaintiffs to defendant. All excepting the school taxes have been satisfactorily adjusted and apportioned between the parties. Plaintiffs contend that these school taxes should be apportioned, under the agreement of sale, on the basis of the fiscal year which begins on July 1st in the school year under the act of assembly. Defendant contends that all taxes, including school taxes, under the agreement should be apportioned according to the time of enjoyment and possession of the premises during the year 1938, August 2d of that year being the date when possession of the premises was delivered to defendant.

*Findings of fact*

From the evidence offered before the court and from the admissions of the pleadings, the court finds the following facts:

1. On May 20, 1938, plaintiffs and defendant entered into a written agreement, at Harrisburg, Dauphin County, for the sale of premises known as 724, 726, 728 and 730 Cumberland Street, in the City of Lebanon, Lebanon County, Pa., for the consideration therein mentioned, deed to be delivered and settlement made on the first day of August 1938. The fourth clause of the agreement provides as follows:

"Taxes and Water Rents. All taxes and water rents for years prior to the year 1938 shall be paid by the vendors. Taxes and water rents for the year 1938 shall be apportioned between the vendors and vendee as of the date of settlement."

2. On August 2, 1938, the parties met, deed was delivered and settlement made for the consideration mentioned in the deed, defendant assuming to pay and paying 5/12 of the taxes assessed against said properties for the

year 1938, excepting school taxes, and plaintiffs assuming to pay and paying the remaining 7/12 of the taxes assessed against said properties for the year 1938, exclusive of school taxes. The sum of $510.94 was deducted by defendant from the purchase price in said settlement over the protest of plaintiffs and without prejudice to their right to bring suit to recover said amount.

3. All taxes and water rents for the years prior to the year 1938 had been paid by the vendors.

4. There is no custom or usage in Lebanon County or Dauphin County, with respect to the apportionment of taxes, to warrant the assumption that it must have been or should have been in the contemplation of the parties at the making of the contract here under consideration, nor did plaintiffs who reside at Harrisburg know of any local custom or practice in Lebanon County with respect to such apportionment, if any existed.

5. The first and second requests of defendant for findings of fact are affirmed, insofar as they are findings of fact. The third and fourth requests for findings of fact are refused.

### Discussion

The only question for determination here is whether the clause of the written agreement for the sale of these properties providing for the apportionment of the taxes should be construed as applicable to the calendar year beginning January 1st and ending December 31, 1938, or whether the word "year" in said agreement should be construed as confining the apportionment of the school taxes to the fiscal year which began on July 1, 1938.

In common usage the word "year" as applied to any specific year, such as the year 1938, means the calendar year, and this corresponds with the meaning of the word "year" as we find it in our legal textbooks.

In 62 C. J. 965 §13, it is held that "Both at common law and by statute, unless otherwise expressed, the word 'year', when used in a contract, judicial proceeding, or statute, is ordinarily considered as meaning a calendar

year of 365 days, and although this has been provided or held to refer to a calendar year, as the period beginning the first day of January and ending the succeeding thirty-first day of December, this is not necessarily so, as its meaning in all cases is dependent on the subject matter and the connection in which the word 'year' is used, and it may mean a period of twelve months or twelve calendar months beginning on a day other than the first day of January."

And as based on certain noted cases "where reference is made to a certain year, the presumption is that the calendar year is meant. This rule of uniformity should be adopted in the absence of any express legislation in that connection".

In the instant case, the first reference in the clause in question is to taxes and water rents for the years prior to the year 1938, and this in common or ordinary usage would mean for the calendar years prior to 1938, and we see no reason for according a different construction to the succeeding words of the clause with reference to taxes and water rents for the year 1938, that is for taxes and water rents assessed during the year 1938, and this would mean from the first of January 1938 to the first of January 1939. We find no direct authority on this question in Pennsylvania, but there are authorities to sustain the conclusion of the textbook writers to the effect that a calendar year used in this connection means the calendar year from January 1st to January 1st. A case of close application is that of Thompson v. Crains et al., 294 Ill. 270, where it was held that the word "year" as used in an agreement for prorating taxes is construed to refer to a calendar year beginning January 1st, rather than to a fiscal year beginning April 1st. To the same effect is Empire Petroleum Co. v. Southern Pipe Line Co., 174 Ark. 33.

In Saidel v. Felsher et al., 83 N. H. 582, the court took a different view, holding that the taxes should be prorated

on the basis of the tax or fiscal year beginning April 1st, rather than on the basis of the calendar year.

We think the ordinary acceptation of the word "year" in this case is controlling and, as used in the agreement by these parties, must be held to apply to the taxes for the year 1938 and that the prorating of these taxes would result in the vendors paying the disputed school taxes; in other words, that defendant should not pay the $510.94 which he has retained out of the purchase money.

We do not subscribe to the contention that the disputed clause of the contract in question is governed by custom or usage. Custom or usage must be proved, and for a witness to say that there is a certain custom in the community is of no value in the absence of the witness indicating that he knows the requisites of a good custom. Real estate brokers called by defendant testified as to certain customs with reference to the sale of real estate, but their own testimony indicated that they were unfamiliar with what is required to establish a good custom and that there is no such custom or usage here proven with respect to the apportionment of taxes as contended for, such a custom or usage so certain, continuous, uniform, and notorious as to have the force of law with the effect that it could be read into the contract as having been in contemplation of the parties at the making of the agreement. Moreover, a local usage in Lebanon County, where the property was located, would not be binding upon the vendors residing in Harrisburg, where the contract was entered into, where the local usage is different, in the absence of personal knowledge upon the part of the vendors of a usage in Lebanon County differing from that in Dauphin County: Miller v. Wiggins, 227 Pa. 564, 568, 569; Albus v. Toomey, 273 Pa. 303.

### Conclusions of law

The court states the following conclusions of law:

1. Clause 4 in the contract in evidence in this case must be interpreted as meaning the calendar year 1938.

2. The school taxes for the year 1938 should be apportioned on the basis of seven twelfths to be paid by the vendors and five twelfths to be paid by the vendee, the same as the other taxes for the year 1938.

3. Custom or usage does not apply to or govern the contract in suit.

4. The three requests of defendant for conclusions of law are affirmed.

5. The finding of the court is in favor of defendant and judgment will be directed to be entered thereon.

6. The costs of this proceeding are to be paid by plaintiffs.

And now, to wit, January 31, 1940, judgment is directed to be entered in this case in favor of defendant. The costs are to be paid by plaintiffs.